IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERITA HAYES,
        Plaintiff,

v.                                                    Civil Action No. 3:21-cv-230

SONABANK *now known as*
PRIMIS BANK,
        Defendant.

## OPINION

Sherita Hayes has sued her former employer, Sonabank, now known as Primis Bank, for racial discrimination, retaliation, unlawful termination, and unequal pay for equal work. Sonabank moves to dismiss Hayes's claim of unequal pay for equal work under the Virginia Equal Pay Act ("VEPA"), Count VII of the complaint, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) Because Count VII fails to state a claim upon which relief can be granted, the Court will dismiss Count VII with prejudice.

## I. BACKGROUND

Sonabank employed Hayes from May 2018 until March 4, 2020. (ECF No. 1, at 1.) On April 6, 2021, Hayes filed a complaint raising several claims relating to her employment with Sonabank, including: race discrimination, unlawful termination, and retaliation in violation of 42 U.S.C. § 1981 (Counts I and II); race discrimination, unlawful termination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Counts III and IV); unequal pay for equal work and retaliation in violation of the Equal Pay Act (Counts V and VI); and unequal pay for equal work under VEPA (Count VII). (*Id.* at 28–33.)

In Count VII, Hayes says that Sonabank violated VEPA by paying her less than a male co-worker due to her gender. (*Id.* at 33.) Sonabank moves to dismiss Count VII because VEPA does

1

not apply to Sonabank. (ECF No. 8, at 2.) Hayes does not oppose Sonabank's motion to dismiss. (ECF No. 11, at 1.)

## II. DISCUSSION[1]

The Fair Labor Standards Act ("FLSA") applies to all businesses with at least two employees and an annual dollar volume of sales or business worth at least $500,000. 29 U.S.C. § 203. VEPA, in turn, does "not apply to employers covered by [FLSA]." Va. Code § 40.1-28.6 ("This section shall not apply to employers covered by [FLSA]."); *see also Patel v. FDIC*, No. 1:19-cv-1016, 2019 U.S. Dist. LEXIS 236220, at *2 (E.D. Va. Oct. 4, 2019) ("[T]he Virginia Equal Pay Act does not apply to [the defendant] because it is covered by [FLSA].").

Here, Sonabank is covered by FLSA.[2] (ECF No. 9, at 3.) Accordingly, VEPA does not apply to Sonabank, and Hayes cannot state a VEPA claim against Sonabank.

---

[1] Rule 12(b)(6) motions gauge the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, the Court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The complaint includes a FLSA claim for unequal pay for equal work under the federal Equal Pay Act. (ECF No. 1, at 31.)

## IV. CONCLUSION

Because Hayes fails to state any plausible claim for relief in Count VII, the Court will dismiss Count VII with prejudice.

The Clerk will send a copy of this Opinion to all counsel of record.

An appropriate Order will accompany this Opinion.

Date: 14 October 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge